TAYLOR, Judge.
Robert Earl Oliver, an inmate in the Limestone Correctional Facility near Cap-shaw, Alabama, appealed a court order granting a motion to dismiss his petition for writ of habeas corpus. His writ challenged the constitutional sufficiency of several prison disciplinary proceedings against him between 1982 and 1985. The state moved for summary judgment, alleging in pertinent part as follows:
“The Respondents are prejudiced by this unreasonable delay in that Petitioner is no longer incarcerated in the same penal institution. Furthermore, all of the witnesses to the factual events in dispute may no longer be ascertained or located after a lapse of two or five years. These witnesses may no longer be employed by the Alabama Department of Corrections or may no longer be alive to testify at an evidentiary hearing on this petition.” (emphasis supplied)
Although equivocal, this pleading reflects an intention to assert a plea of the equitable theory of laches. The court granted the motion for summary judgment without a hearing. Mayola v. Alabama, 623 F.2d 992 (5th Cir.1980), holds that lach-es may bar a habeas corpus proceeding in cases where the respondent can demonstrate actual prejudice. Actual prejudice must be proved. For the purpose of holding a factual hearing on the motion to dismiss, and for any other proceedings not inconsistent herewith, we remand this case to the circuit court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.